**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERNARD ALLEN,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-2486 |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **JOSEPH V. SMITH**, *Warden*, *et al.,* | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**I.   Background**

Petitioner, Bernard Allen, an inmate at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. §2241.  Petitioner contemporaneously filed a motion to proceed *in forma pauperis* (Doc. 2).  Petitioner alleges that he has been improperly placed in the Special Housing Unit ("SHU") at USP-Lewisburg, and he seeks release to general population.  For the reasons set forth hereinafter, the Petition will be dismissed without prejudice, allowing the Petitioner to pursue his claims under the appropriate statutory provisions.

**II.   Discussion**

A petition for writ of habeas corpus may be brought by a prisoner who seeks to challenge the fact or duration of the  prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Georgevich v. Strauss*, 772 F.2d 1078, 1086 (3d Cir. 1985), *cert. denied*, 475 U.S. 1028 (1986).  In this case, the Petitioner is not challenging the duration or propriety of his sentence.  Instead, the Petitioner is seeking "release from special housing unit confinement to general population.  (Doc. 1 at 7.)  The favorable resolution of the issue

raised in the petition will not result in Petitioner's release, nor an adjustment in the remainder of time on his sentence.  In *Ali v. Gibson*, 572 F.2d 971 (3d Cir. 1978), the United States Court of Appeals for the Third Circuit stated that an attack on the conditions of confinement is cognizable in a federal habeas action only in extreme cases. *Gibson*, 572 F.2d at 975, n.8 [citing *Willis v. Ciccone*, 506 F.2d 1011, 1014-15 (8th Cir. 1974)].  However, Petitioner does not plead any facts which would establish this as an extreme case. Additionally, if the Petitioner is allowed to proceed with this habeas action, he would be able to evade the higher filing fee for a civil rights action and he would potentially circumvent restrictions of the Prison Litigation Reform Act, including the "three strikes" provision of 28 U.S.C. §1915(g).  Consequently, this Court is unable to grant the requested relief in the context of a habeas petition.  The remedies sought by the Petitioner, if appropriate, would be granted in the context of a civil rights claim.

Pursuant to the provisions of Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977), "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . .the necessary facts can be determined from the petition itself. . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970). Accord *Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991).  The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d, at 141.

In light of the foregoing, the Petition for Writ of Habeas Corpus is denied without prejudice to any right the Petitioner may have to reassert his present claims in an appropriate civil rights complaint.  An appropriate Order follows.


Dated: December 7, 2005  /s/ A. Richard Caputo
  A. RICHARD CAPUTO
  United States District Judge

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BERNARD ALLEN,**                         :
                                           :
    **Petitioner,**    :  **CIVIL NO. 3:CV-05-2486**
                                           :
**v.**                                     :  **(Judge Caputo)**
                                           :
**JOSEPH V. SMITH**, *Warden*, *et al.*,   :
                                           :
    **Respondents.**   :

## O R D E R

**AND NOW, THIS   7th   DAY OF DECEMBER, 2005**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed *in forma pauperis* (Doc.2) is **GRANTED** for the limited purpose of filing this petition.

2. The petition for writ of habeas corpus (Doc.1) is **DENIED** without prejudice to any right petitioner may have to reassert the instant claims in a properly filed civil rights action.

3. The Clerk of Court is directed to mark this case CLOSED.

4. Based upon the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

5. The Clerk of Court is directed to provide the Petitioner with a copy of the form used in filing a civil rights action, as well as the form used for filing a habeas corpus action.

                                               /s/ A. Richard Caputo
                                              A. RICHARD CAPUTO
                                              United States District Judge